## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE WINFIELD COLLECTION, LTD, | ) Case No. |
| | ) Hon. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ABOVE AND BEYOND, INC, and MICHAEL CHAKLOS, jointly and/or severally, | ) |
| | ) |
| Defendants. | ) |

JOHN T. HERMANN  (P-52858)
Attorney for Plaintiff
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

## PLAINTIFF'S COMPLAINT

Plaintiff, THE WINFIELD COLLECTION, LTD. a Michigan Corporation, by and through its counsel, John T. Hermann states the following as its complaint against Defendants ABOVE AND BEYOND, INC. and MICHAEL CHAKLOS:

1.   This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.   Plaintiff, The Winfield Collection, Ltd. ("Winfield") is a Michigan Corporation and is the registered owner of the copyrights set forth on Exhibit A (the "Copyright-in-Suit.")

2

3. Defendant ABOVE AND BEYOND, INC. ("Above and Beyond") is a California corporation located in Santa Ana, California, that is selling and distributing Plaintiff's copyrighted materials and/or derivative works and is therefore infringing upon Plaintiff's rights as the registered owner of the Copyright-in-Suit.

4. As a result of its systematic business activities in selling and distributing Plaintiff's copyrighted materials and/or derivative works, Defendant Above and Beyond has infringed upon Plaintiff's rights as the registered owner of the Copyrights-in-Suit.

5. Defendant MICHAEL CHAKLOS ("Mr. Chaklos) is an individual who lives and resides in the state of California and who is in the business of selling and distributing Plaintiff's copyrighted materials and/or derivative works and is therefore infringing upon Plaintiff's rights as the registered owner of the Copyrights-in-Suit.

6. As a result of his systematic business activities in selling and distributing Plaintiff's copyrighted materials and/or derivative works, Defendant Mr. Chaklos has infringed upon Plaintiff's rights as the registered owner of the Copyrights-in-Suit.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

8. Using an internet web site (i.e. Amazon.com) Defendants marketed and sold a silhouetted nativity layout which is an unauthorized duplication and/or derivative work of Plaintiff's copyrighted design image. Defendants activities in marketing and selling unauthorized duplication and/or derivative work of Plaintiff's copyrighted design image constitutes commercial activity that is directed towards individuals and/or business located in this state and District.

9. This Court has personal jurisdiction over the Defendants because (a) Defendants committed the tortious conduct alleged in this Complaint in this State, and (i) Defendants targeted business activities can be found in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) as well as 28 U.S.C. § 1391(b) because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District and, (ii) the Defendants general business activities can be found in this District.

...

## BACKGROUND

11.  Winfield is in the business of mail order and internet sales of woodcraft patterns and supplies. A substantial portion of Winfield's business is the development and sale of patterns for wooden outdoor displays. Patterns sold by The Winfield Collection are almost exclusively their own original designs and are registered with the Federal Copyright office.

12.  The patterns are normally used by purchasers to cut pieces of wood and assemble them as projects for display as indicated on the patterns, under a limited license and/or agreement from Winfield to make available or allow non-commercial derivative works in the form of projects - photographs of finished products are included on the patterns.

13.  Winfield routinely allows other commercial outfits to market and/or sell original and/or derivative versions of its copyrighted design images through appropriate licensing agreements. Licensed commercial derivatives of Winfield's are widely available on the internet.

14.  One online outfit which has been authorized and licensed to Plaintiff's copyrighted images and/or derivative works is a company known as Teak Isle which markets and/or sells products depicting Plaintiff's copyrighted images and/or derivative works through its commercial website.[1]

---

[1] www.teakisle.com.

15. In 2013, Defendants marketed, developed, and began offering for sale a competing nativity layout after reviewing and comparing their design with a licensed version of Plaintiff's copyrighted design image that was being marketed and/or offered for sale by Teak Isle.[2]

16. In 2015, Defendants were notified that their nativity layout was infringing upon Plaintiff's intellectual property rights as the registered owner of the Copyright-in-Suit. In response to Plaintiff's notification of their interest in the copyrighted design image, Defendants developed a new nativity layout after consulting with Winfield and attempting to differentiate its re-designed layout with Winfield copyrighted design image.

17. As a result, Defendants had access to Plaintiff's copyrighted design images and/or licensed versions at the time that they developed their original nativity layout and subsequently re-designed nativity layout.

18. In 2016, Defendants began marketing and/or selling their re-designed nativity layout over third-party website. (i.e. Amazon.com) without authorization or permission of Plaintiff

---

[2] In addition to having access to the Teak Isle design (a licensed version of Plaintiff's original design) Defendants had independent access to Plaintiff's original design as it was a ubiquitously prominent in the commercial marketplace for the past 20 years having appeared millions of times, in catalogs, magazines, and internet sites – the same sites and/or locations upon which Defendant viewed prior developing their infringing derivative work.

19. Defendants have been and continue to sell their nativity layout over the internet (i.e. Amazon.com) which is unauthorized reproduction and/or derivative of Winfield's copyrighted Silent Night Nativity #CYD72 design pattern image. A comparison of the derivative works produced and sold by Defendants to Plaintiffs copyrighted design patterns are shown below:

  

Winfield #CYD72          Above and Beyond          Above and Beyond
                         Original Layout           Re-Designed Layout

20. For all relevant times, Winfield is the owner of all right, title and interest to the copyrights for the Silent Night Nativity #CYD72 design pattern image.

## COUNT I
## DIRECT COPYRIGHT INFRINGMENT

21. Winfield's design patterns identified as Silent Night Nativity (#CYD72) represents a work of artistic expression that contains original material which is copyrightable under the laws of the United States.

22.     Defendants reproduced, distributed, promoted, sold and offered for sale illegal and unauthorized copies, including derivative works, of Plaintiff's design patterns thereby infringing upon Winfield 's copyrights in and relating to the subject works.

23.     Plaintiff did not authorize permit, or consent to the duplication and/or distribution of its works in the manner, form, and/or scope perpetuated by Defendants.

24.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

    (A)    Reproduce the Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

    (B)    Prepare derivative works in violation of 17 U.S.C. §§ 106(2) and 501;

    (C)    Redistribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease in violation of 17 U.S.C. §§ 106(3)  and 501;

    (D)    Reproduce and/or display copies of pictorial or other graphic works in violation of 17 U.S.C. §§ 106(5) and 501.

25.     Each of the Defendants acts of infringement was committed "willfully" within the meaning of 17 U.S.C. § 504.

26. Plaintiff has suffered actual damages that were proximately caused by the Defendant including lost sales, price erosion and a diminution of the value of its copyrights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin the Defendants and all other persons who are in active participation with the Defendants from continuing to infringe upon Plaintiff's copyrighted works.

(B) Order that the Defendants delete and remove from its website or any third-party website any depiction of Plaintiff's copyrighted works along with the destruction of any infringing materials under 17 U.S.C. § 503

(C) Award Plaintiff the greater of: (i) statutory damages of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c); or (ii) Plaintiff's actual damages and any additional profits of the Defendants pursuant to 17 U.S.C.§ 504-(a) and (b);

(D) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) Grant Plaintiff any other and further relief this Court deems just and proper.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGMENT

27. The allegations contained in paragraphs 1-26 are hereby re-alleged as if fully set forth herein.

28. Winfield design patterns identified as Silent Night Nativity (#CYD72) represents a work of artistic expression that contains original material which is copyrightable under the laws of the United States.

29. By encouraging others to engage in the unlawful duplication and/or distribution of Plaintiff's copyrighted works Defendants induced, caused, and/or materially contributed to the infringing conduct of other individuals and/or organizations in violation of Plaintiff's exclusive rights.

30. Plaintiff did not authorize, permit or consent to Defendants' inducing, causing or materially contributing to the infringing conduct of other individuals and/or organizations.

31. Defendants knew or should have known that by encouraging other individuals and/or business to feature Plaintiffs design images on various web sites that other individuals and/or business chapters would engage in the unauthorized reproduction and/or duplication of Plaintiff's copyrighted work.

32. Indeed, Defendants directly participated in and therefore materially contributed to the infringing conduct of other individuals and/or organizations.

33. The Defendants' contributory infringement was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2)

34. Plaintiff has suffered actual damages that were proximately caused by the Defendant including lost sales, price erosion and a diminution of the value of its copyrights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin the Defendants and all other persons who are in active participation with the Defendants from and remove from its website or any third-party website any depiction of Plaintiff's copyrighted works along with the destruction of any infringing materials under 17 U.S.C. § 503

(C) Award Plaintiff the greater of: (i) statutory damages of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c); or (ii) Plaintiff's actual damages and any additional profits of the Defendants pursuant to 17 U.S.C. § 504-(a) and (b);

(D) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demands a trial by jury in connection with its claims in the above captioned case all issues so triable

| | |
|---|---|
| Dated: February 22, 2017 | /s/ John T. Hermann |
| | JOHN T. HERMANN |
| | Attorney for Plaintiff |
| | 2684 West Eleven Mile |
| | Berkley, MI 48072 |
| | (248) 591-9291 |
| | JTHermanos@Earthlink.Net |
| | (P-52858) |

## CERTIFICATE OF COMPLIANCE

Pursuant to E.D. Mich. LR 5.1(a) I hereby certify that the foregoing has been prepared using one of the font and point selections approved by the Court in E.D. Mich. LR 5.1(a)(3). This document was prepared using Times New Roman (14 pt.).

| | |
|---|---|
| Dated: February 22, 2017 | /s/ John T. Hermann |
| | JOHN T. HERMANN (P-52858) |